UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER JOHN ARENDAS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>OWENS, et al.,<br><br>　　　　　Defendants. | No. 2:19-cv-1779 JAM DB P<br><br>FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff is a state prisoner proceeding pro se. He filed this action on September 9, 2019, seeking relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Before the court is plaintiff's complaint for screening and plaintiff's motion to proceed in forma pauperis.[1] For the reasons set forth below, this court finds plaintiff fails to meet the standards to proceed in forma pauperis and recommends this action be dismissed if plaintiff fails to pay the filing fee.

////

////

////

---

[1] While plaintiff did not file a formal motion to proceed in forma pauperis, it is clear from both his complaint and his filings with this court that he seeks to proceed without payment of the filing fee.

1

**IN FORMA PAUPERIS STATUTE**

The Prison Litigation Reform Act of 1995 ("PLRA") permits a federal court to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees. However,

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

This "three strikes rule" was part of "a variety of reforms designed to filter out the bad claims [filed by prisoners] and facilitate consideration of the good." Coleman v. Tollefson, 135 S. Ct. 1759, 1762 (2015) (quoting Jones v. Bock, 549 U.S. 199, 204 (2007)). If a prisoner has "three strikes" under § 1915(g), the prisoner is barred from proceeding in forma pauperis unless he meets the exception for imminent danger of serious physical injury. See Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir. 2007). To meet this exception, the complaint of a "three-strikes" prisoner must plausibly allege that the prisoner was faced with imminent danger of serious physical injury at the time his complaint was filed. See Williams v. Paramo, 775 F.3d 1182, 1189 (9th Cir. 2015); Andrews, 493 F.3d at 1055.

**HAS PLAINTIFF ACCRUED THREE STRIKES?**

Plaintiff has several other pending actions in this court. In one, Judge Nunley recently held that plaintiff accrued three strikes prior to filing the complaint in that case. Arendas v. Vega, No. 2:19-cv-1332 TLN EFB P, 2019 WL 6975558 (E.D. Cal. Dec. 20, 2019). The cases which Judge Nunley found to be strikes under 28 U.S.C. § 1915(g) are: (1) Arendas v. Somerset County Sheriff's Dep't, No. 3:09-cv-5782-FLW-TJB, 2010 WL 2539425 (D. N.J. June 16, 2010); (2) Arendas v. Hillsborough Police Dep't., No. 3:09-cv-5965, 2010 WL 2682163 (D. N.J. July 2, 2010); and (3) Arendas v. Somerset County Sheriff's Dep't, No. 3:09-cv-6061-JAP-TJB, 2010 WL 2696323 (D. N.J. July 6, 2010). Id. at *1. Each of these cases was dismissed prior to the

2

filing of the complaint in the present case as well.  Accordingly, plaintiff accrued three strikes prior to filing this case and may not proceed unless he can show he "is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

## IS PLAINTIFF IN IMMINENT DANGER OF SERIOUS PHYSICAL INJURY?

The availability of the imminent danger exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time.  See Andrews, 493 F.3d at 1053.  "[A]ssertions of imminent danger of less obviously injurious practices may be rejected as overly speculative or fanciful."  Id. at 1057 n.11.  Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical.  To meet his burden under § 1915(g), an inmate must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury."  Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003).  "Vague and utterly conclusory assertions" of harm are insufficient.  White v. Colorado, 157 F.3d 1226, 1231-32 (10th Cir. 1998).  That is, the "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate."  Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).

The court has reviewed plaintiff's complaint filed September 9, 2019.  (ECF No. 1.) Plaintiff makes three claims:  (1) defendants are violating his due process right of access to the courts by refusing to provide him with signed forms to support his requests to proceed in forma pauperis; (2) defendants' actions amount to retaliation against plaintiff for filing lawsuits; and (3) defendants have refused to provide plaintiff with legal materials.

Plaintiff does not allege that he is at risk of any sort of physical injury.  Therefore, plaintiff fails to meet the imminent danger exception to § 1915(g).  Plaintiff should only be permitted to proceed with this action if he pays the filing fee.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 7) be denied; and

2. Plaintiff be ordered to pay the $400 filing fee within fourteen days from the date of any order adopting these findings and recommendations and be warned that failure to do so will result in the dismissal of this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 27, 2019

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/aren1779.3 strikes fr